## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

SHERRI LYNN MOSS,                      )
                                          )
           Plaintiff,               )
v.                                      ) No. 07-00300-CV-W-FJG
                                          )
CASEY'S GENERAL STORES, INC., et al.   )
                                          )
          Defendants.            )

## ORDER

Pending before the Court is Defendants' Motion to Dismiss (Doc. No. 6) and Suggestions in Support of their motion (Doc. No. 7). Defendants seek to dismiss plaintiff's Complaint for lack of subject matter jurisdiction and seek to dismiss defendant Casey's General Stores from this suit because it is the wrong party in interest.[1] Defendants' motion will be considered below.

### I. BACKGROUND

Plaintiff filed her complaint in this Court on April 17, 2007 (Doc. No. 1)[2]. Plaintiff's Complaint is a two-count petition alleging negligence against defendants Casey's General Stores, Inc. ("Casey's General Stores") and Casey's Marketing Company ("Casey's Marketing"). Plaintiff alleges that defendant Casey's General Stores is an operator of the

---

[1]Defendants request oral argument on their motion. However, the Court finds that the benefit of oral argument is unnecessary in this matter as both parties have sufficiently briefed the issues before the Court. Thus, defendants' request for oral argument is denied.

[2]This Court previously dismissed plaintiff's Complaint without prejudice on April 10, 2007 for lack of jurisdiction. See Doc. No. 16, Moss v. Casey's General Stores, Inc., Case No. 4: 07-cv-00047-FJG. Plaintiff subsequently re-filed this action on April 17, 2007.

store and that defendant Casey's Marketing is the owner and/or operator of the store. (¶¶26, 38, Doc. No. 1). Plaintiff's Complaint alleges that plaintiff slipped and fell on a wet floor in defendants' store. (¶ 18, Doc. No. 1). As a result of the fall, plaintiff alleges that she suffered knee injuries, specifically "a tear of the anterior horn of the lateral meniscus of the left knee." (¶ 20, Doc. No. 1). Plaintiff asserts that defendants were negligent by not maintaining a reasonably safe condition and by not warning customers if the floor was wet. Plaintiff seeks damages for past and future medical treatment, past and future lost wages, costs incurred in the prosecution of this case, and for pain and suffering. (¶¶ 21, 22 Doc. No. 1). However, plaintiff does not allege a specific amount of damages.

On May 15, 2007, defendants filed their motion to dismiss. (Doc. No. 6). Defendants argue: (1) plaintiff has sued the wrong party in interest in this suit because it does not own or operate the store where plaintiff was injured and thus should be dismissed, and (2) plaintiff's Complaint should be dismissed for lack of jurisdiction because plaintiff's damages fail to exceed the jurisdictional amount.

## II. ANALYSIS

A.      Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to Satisfy Jurisdictional Amount (Doc. No. 6)

Defendants argue diversity jurisdiction does not exist in this case because plaintiff fails to meet the requisite jurisdictional amount in that plaintiff's damages do not exceed $75,000 as required under 28 U.S.C. § 1332. In a "facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). Plaintiff's Complaint states that complete

2

diversity exists between the parties and that "the amount in controversy exceeds $75,000, exclusive of interest and costs." Thus, on its face, plaintiff's Complaint has adequately alleged the jurisdictional amount.

However, defendant also argues that "there is no legal possibility that the [p]laintiff's claim in this cause of action could exceed $75,000" (Doc. No. 6). This is a Rule 12(b)(1) challenge to the factual truthfulness of plaintiff's jurisdictional allegations. In a factual challenge, "the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." Titus, 4 F.3d at 593 (citing Land v. Dollar, 330 U.S. 731, 735 n. 4 (1947)). No presumption of truthfulness attaches to a plaintiff's allegations relating to subject matter jurisdiction. Titus, 4 F.3d at 593 n.1. Moreover, a party who invokes jurisdiction carries the burden of proof on jurisdictional issues. James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828 (8th Cir. 2005). Thus, plaintiff has the burden of proving diversity jurisdiction exists in this case.

"[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir. 2002) (citing Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994)). "The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." Id. at 885.

Defendants specifically argue that plaintiff's actual damages do not even exceed $5,000 let alone $75,000. Defendants state that plaintiff's medical expenses total $1,262.79

3

and plaintiff's lost wages are $2, 497.50, which brings plaintiff's damages to $3,760.29. Even though plaintiff also asserts future medical expenses, defendants argue such care is minimal because plaintiff has opted out of having knee surgery.

Plaintiff responds that defendants wrongly conclude plaintiff cannot recover more than $75,000. Plaintiff states the issue "is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." Kopp, 280 F.3d at 885. Plaintiff further states her medical expenses will increase as plaintiff plans to have the recommended knee surgery, which is estimated to cost $10,000. Due to plaintiff's lost wages combined with her past and future medical expenses, plaintiff states her special damages are approximately $17,380.54 and not $3,760.29 as defendants claim. To prove that plaintiff is seeking more than the jurisdictional amount, plaintiff also points to her settlement demand letter sent to defendant Casey's General Stores on November 3, 2006, where she requested $89,500 in full settlement of her claims against defendant. (Doc. No. 8-6, Ex. 5).

Finally, plaintiff asserts that a fact finder might legally conclude that her damages are greater than the requisite amount. Plaintiff points to cases where the demand for damages was lower than the jurisdictional amount, but the court held it had jurisdiction over the matter. In Quinn v. Kimble, 228 F. Supp. 2d 1038, 1041 (E.D. Mo. 2002), the court denied a motion to remand because a jury could legally award the requisite jurisdictional amount where plaintiffs had suffered head, neck, and back injuries; incurred medical expenses and will incur further expenses; have permanent, progressive, and disabling injuries; plaintiffs' ability to work, labor, and enjoy life has been and will be impaired; and one of the plaintiffs had lost future wages. Plaintiff argues that Quinn is similar to her case

4

because a jury could legally award her the jurisdictional amount given her past medical expenses, ongoing complaints, future medical expenses, future lost wages, and the impact to her lifestyle.[3]  Plaintiff also references a $130,000 settlement published in <u>Missouri Lawyers Weekly</u> where plaintiff sought $55,000 in damages for slipping and falling on a wet floor and injuring her knee (Doc. No. 8-13, Ex. 12).  Plaintiff argues settlements such as these demonstrate to a legal certainty that plaintiff can recover more than the jurisdictional amount.

Defendants reply plaintiff has failed to prove by a preponderance of the evidence (or for that matter to a legal certainty) that the value of her claim exceeds $75,000.  Defendant argues that even if plaintiff's damages increase to $17,380.54 (assuming plaintiff undergoes knee surgery), that amount is four times below the requiste jurisdictional amount.

The Court has reviewed plaintiff's Complaint, and the facts and evidence submitted by both parties.  Upon review of the record, the Court finds that a fact finder could award damages beyond $75,000.00 despite plaintiff's actual damages of $17, 380.54.  The Court cannot conclude to a legal certainty that plaintiff's damages are really for less than the jurisdictional amount when plaintiff is also seeking damages for her pain and suffering in addition to her actual damages (¶¶ 21, 22  Doc. No. 1).[4]   Further, plaintiff sought settlement of this matter for $89,500.00 in its settlement demand letter to defendant

---

[3]The Court disagrees with plaintiff that <u>Quinn</u> is similar to the facts of this case because <u>Quinn</u> involved claims with multiple plaintiffs and multiple injuries.   In this case, however, there is only one plaintiff with a single knee injury.

[4]Plaintiff is claiming actual damages for past and future medical treatment, past and future lost wages, and costs incurred in the prosecution of this case.

Case 4:07-cv-00300-FJG   Document 18   Filed 07/17/07   Page 5 of 8

Casey's General Stores.  Therefore, in the Court's estimation, a fact finder could legally conclude plaintiff's claims exceed the jurisdictional amount.  Accordingly, defendants' motion to dismiss for lack of subject matter jurisdiction (Doc. No. 6) is **DENIED**.

B.    Defendants' Motion to Dismiss Defendant Casey's General Stores for Improper Party (Doc. No. 6)

Defendants argue that Casey's General Stores is the wrong party in interest in this suit because it does not own or operate the building where plaintiff was injured in Richmond, Missouri.  Rather, defendants state that Casey's Marketing owns and operates the Richmond store.  In support of its argument, defendants submitted the General Warranty Deed (Doc. No. 7-2) for the property where plaintiff was injured, which only lists defendant Casey's Marketing as the owner of the property.  Additionally, defendants argue that in a cause of action based on premises liability, the possessor of the land is the only proper party.  Harris v. Niehaus, 857 S.W.2d 222, 225 (Mo. 1993).  Defendants state that defendant Casey's General Stores has no legal duty to plaintiff because it does not possess the land and thus should be dismissed.

Plaintiff responds that it is inappropriate to dismiss Casey's General Stores on the basis of a deed showing that the property where plaintiff was injured  is owned by Casey's Marketing Company.  Plaintiff states that the deed does not show which defendant operates the store where plaintiff was injured.  Plaintiff argues that the evidence before the Court fails to prove that the day-to-day operations of Casey's General Stores in Richmond are performed by some entity other than Casey's General Stores.  Plaintiff further states that without the benefit of discovery, it is difficult for plaintiff to provide evidence to the Court regarding the operations of the store.  Plaintiff indicated that if evidence is brought forth in

6

discovery that defendant Casey's General Stores does not operate the Richmond Store, plaintiff will dismiss this defendant from the case and proceed only against defendant Casey's Marketing Company.

Defendants reply that it does not operate the Richmond Store. Defendants submitted the affidavit of Bob Truhlsen (Doc. No. 13-2), risk manager of Casey's General Stores, in support of their claim. Mr. Truhlsen's affidavit stated that Casey's General Stores does not own or operate the Richmond store and that Casey's Marketing Company owns and operates that location.

The Court finds plaintiff is entitled discovery on the issue of whether Casey's General Stores operates the Richmond location where plaintiff was injured. The Court further finds defendants submitted insufficient evidence on whether Casey's General Stores operates the Richmond Store. Defendants only submitted the affidavit of Bob Truhlsen, Casey's General Store's risk manager (Doc. No. 13-2). However, this affidavit failed to state the nature of Mr. Truhlsen's position and why he contains personal knowledge that Casey's General Stores does not own or operate the Richmond Store.

In addition, the Court disagrees with defendants' argument that only the possessor of the land is the proper party in a premises liability cause of action. Defendants cites to Harris, 857 S.W.2d 222 in support of this argument. However, defendants misinterpret the holding of Harris. The Missouri Supreme Court in Harris did not hold that only the possessor of the land is the proper party. Rather, the Court held that the trustees of the land were not liable to the plaintiffs because the natural condition on the land was open and obvious to all who would encounter it. Id. at 227. If Casey's General Stores has control and responsibility over maintaining and operating the Richmond store, then Casey's

7

General Stores would be a proper party in this case even if it does not own the property. However, the only evidence the Court has on this point is Mr. Truhlesen's affidavit which sheds little light on this issue.  Therefore, upon discovery of further evidence on whether defendant Casey's General Store operates the Richmond location, defendants may renew their motion to dismiss defendant Casey's General Store from this suit.  Accordingly, defendants' motion to dismiss for improper party (Doc. No. 6) is provisionally **DENIED**.

## III. Conclusion

For the foregoing reasons, defendants' motion to dismiss plaintiff's complaint for lack of jurisdiction is **DENIED** (Doc. No. 6) and defendants' motion to dismiss defendant Casey's General Stores is provisionally **DENIED** (Doc. No. 6).

**IT IS SO ORDERED.**

Date:    7/17/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN**, **JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

8